# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff/Respondent, <br><br> vs. <br><br> RANDY EARL BLODGETT, <br><br> Defendant/Petitioner. | Cause No. CR 09-98-GF-BMM <br> CV 15-36-GF-BMM <br><br> ORDER DISMISSING § 2241 PETITION AND DENYING CERTIFICATE OF APPEALABILITY |

On April 28, 2015, the Court received from Defendant Randy Earl Blodgett a petition for writ of habeas corpus under 28 U.S.C. § 2241. Blodgett is a federal prisoner proceeding pro se.

Blodgett filed a document titled "Notice of Void Judgment" on May 14, 2012. After issuance of notice and an order pursuant to *Castro v. United States*, 540 U.S. 375, 383 (2003), Blodgett re-characterized the "Notice" as a motion under 28 U.S.C. § 2255. The Court denied this re-characterized Notice as frivolous. The Court also denied a certificate of appealability. Order (Doc. 38). Blodgett did not appeal.

Blodgett's current petition challenges the validity of his conviction and sentence in this Court for receipt of child pornography. *See* Judgment (Doc. 25) at 1-3; Pet. (Doc. 39-1) at A1-A10. For two reasons, the petition must be dismissed. First, notwithstanding Blodgett's frivolous arguments, this Court unquestionably

1

had jurisdiction to try, convict, and sentence him. *United States v. McCalla*, 545 F.3d 750, 756 (9th Cir. 2008) (citing 18 U.S.C. § 3231 and *United States v. Begay*, 42 F.3d 486, 497-500 (9th Cir. 1994)).

Second, although the Court had jurisdiction to try, convict, and sentence Blodgett, it does not have jurisdiction to hear his petition for writ of habeas corpus. "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided" by the simple expedient of filing something else. *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). Neither the writ of habeas corpus, *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012), nor any other common-law writ is available as a means to challenge the federal conviction or sentence of a defendant, like Blodgett, who is still in custody on the challenged conviction or sentence. *See, e.g.*, *Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002) (writ of error coram nobis); *Carrington v. United States*, 503 F.3d 888, 890-91 (9th Cir. 2007), *amended*, 530 F.3d 1183, 1184 (9th Cir. 2008); *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2001) (per curiam) (writs of audita querela). This fact remains true while Blodgett is in custody, that is, in prison or on supervised release. *Maleng v. Cook*, 490 U.S. 488, 491 (1989) (per curiam).

The Court of Appeals has not authorized Blodgett to file a second § 2255

motion in this Court. See 28 U.S.C. §§ 2255(h), 2244(c). The petition must be dismissed for lack of jurisdiction. *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

To whatever extent the petition is in actuality an unauthorized second § 2255 motion, the Court denies a certificate of appealability, *see* 28 U.S.C. § 2253(c)(2), because disposition of the habeas petition is clearly controlled by *Marrero* and *Burton*. *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012).

Accordingly, IT IS HEREBY ORDERED:

1. Blodgett's petition under 28 U.S.C. § 2241 (Docs. 39, 39-1) is DISMISSED for lack of jurisdiction.

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Blodgett files a Notice of Appeal.

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 15-36-GF-BMM are terminated and shall close the civil file by entering a judgment of dismissal.

DATED this 30th day of April, 2015.

Brian Morris
United States District Court Judge